UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAMONT HARPER, | Case No. 2:25-cv-2972-TLN-JDP (PS) |
| Plaintiff, | |
| v. | ORDER TO SHOW CAUSE |
| AMAZON.COM SERVICES LLC, *et al.*, | |
| Defendants. | |

On October 15, 2025, plaintiff commenced this action against his former employer, defendant Amazon.com Services LLC ("Amazon"), and nineteen Amazone employees. ECF No. 1. He alleges that defendants violated Title VII of the Civil Rights Act of 1964 and the Age Discrimination in Employment Act by terminating his employment in retaliation for him filing complaints with the Equal Employment Opportunity Commission. *Id.* at 3-5. On December 29, 2025, plaintiff filed a proof of services showing that on December 24, 2025, a process server attempted to serve defendants by leaving a copy of the summons and complaint with an Amazon Security Supervisor, identified only as "Chad," at a fulfillment center located in Stockton, California. ECF No. 5. This filing fails to demonstrate that each defendant was properly served.

1

"A federal court does not have jurisdiction over a defendant unless the defendant has been served properly under Fed. R. Civ. P. 4." *Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc.*, 840 F.2d 685, 688 (9th Cir. 1988) (citing Jackson v. Hayakawa, 682 F.2d 1344, 1347 (9th Cir. 1982)). Rule 4(e)(1) specifies the procedures for service upon individuals, while Federal Rule of Civil Procedure 4(h) governs service for corporations.

For corporations, such as defendant Amazon, service can be completed in accordance with state law for service or by delivering a copy of the summons and complaint to an officer or other agent authorized by appointment or law to accept service of process. Fed. R. Civ. P. 4(h). On his proof of service, plaintiff checked a box indicating that Chad "is designated by law to accept service" on behalf of defendant Amazon. ECF No. 5 at 2. Plaintiff does not, however, provide any support for that conclusion. According to the California Secretary of State's website, Amazon's registered agent for service of process is Corporation Service Company, doing business in California as CSC Lawyers Incorporation Service, which is located in Sacramento, California.[1] Accordingly, plaintiff has failed to adequately demonstrate that "Chad" was authorized to accept service on behalf of defendant Amazon.

Plaintiff has also failed to show that he properly served the nineteen individual defendants. Under Rule 4(e), an individual may be served by:

> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
>
> (2) doing any of the following:
>
> > (A) delivering a copy of the summons and of the complaint to the individual personally;
> >
> > (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
> >
> > (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e).

---

[1] The agent's business address is 2710 Gateway Oaks Drive, Suite 150N, Sacramento, California.

2

Plaintiff's only attempt to effect service on the individual defendants was by delivering a copy of the summons and complaint to Chad. There is nothing suggesting Chad is an authorized agent for the individual defendants. Moreover, there is no indication that plaintiff attempted to provide each of the nineteen individuals defendants with their own copies of the summons and complaint.

Accordingly, plaintiff has failed to demonstrate that he properly served each defendant. Under Federal Rule of Civil Procedure 4(m), "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). However, "if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." *Id*. Although a pro se litigants are generally afforded more latitude than one represented by counsel, a party's pro se status does not constitute "good cause" for failing to timely effect service. *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the same rules of procedure that govern other litigants."); *Townsel v. Contra Costa Cnty.*, 820 F.2d 319, 320 (9th Cir. 1987) (holding that ignorance of service requirements does not constitute "good cause" for failure to timely effect service); *see also* E.D. Cal. L.R. 183(a) ("Any individual representing himself or herself without an attorney is bound by the Federal Rules of Civil or Criminal Procedure, these Rules, and all other applicable law."). Plaintiff will be ordered to show cause why this action should not be dismissed for failure to timely serve defendants.

1 | Accordingly, it is hereby ORDERED that:

2 | 1. Plaintiff shall show cause within fourteen days from the date of this order why this action should not be dismissed for failure to effect service of process within the time prescribed by Rule 4(m).

5 | 2. Plaintiff is warned that failure to respond to this order will result in a recommendation that this action be dismissed without prejudice for failure to effect services of process.

IT IS SO ORDERED.

Dated:     January 7, 2026            _____
                                       JEREMY D. PETERSON
                                       UNITED STATES MAGISTRATE JUDGE