UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAMONT HARPER,<br>Plaintiff,<br>v.<br>AMAZON.COM SERVICES LLC,<br>Defendant. | Case No. 2:25-cv-2972-TLN-JDP (PS)<br><br>ORDER CONSOLIDATING CASES |
| LAMONT HARPER,<br>Plaintiff,<br>v.<br>AMAZON.COM SERVICES LLC,<br>Defendant. | Case No. 2:26-cv-530-TLN-JDP (PS) |

Plaintiff has filed the two above-captioned cases against defendant Amazon.com Services LLC. Pending before the court in the first case is plaintiff's request for denial of an extension of time, ECF No. 13,[1] motion to amend, ECF No. 14, and motion for default judgment, ECF No. 29, and defendant has filed an unopposed motion to consolidate the cases, ECF No. 17, and a motion

[1] This request is denied as plaintiff signed the stipulation to extend the deadline for defendant to file a responsive pleading, *see* ECF No. 11 at 2.

to dismiss, ECF No. 18.[2] In the second case, plaintiff has filed a motion for default judgment, ECF No. 11, and defendant has filed a motion to dismiss, ECF No. 4. For the reasons stated hereafter, the court will grant defendant's motion to consolidate, grant plaintiff's motion to amend, and deny all other pending motions.

**Motion to Consolidate**

Rule 42(a) of the Federal Rules of Civil Procedure provides that a court may consolidate actions that "involve a common question of law or fact." Fed. R. Civ. P. 42(a)(2). Courts should consolidate cases where the interests of judicial convenience outweigh any potential for delay, confusion, or prejudice caused by consolidation. *Southwest Marine, Inc., v. Triple A. Mach. Shop, Inc.*, 720 F. Supp. 805, 807 (N.D. Cal. 1989).

Here, defendant contends that consolidation is appropriate because both cases involve plaintiff's employment and termination from defendant. ECF No. 17-1 at 2. Specifically, in the first case, plaintiff has alleged employment-related claims against Amazon, including discrimination based on race, color, and sex, retaliation, and defamation per se. ECF No. 1 at 3-4. In the second case, which defendant removed from the San Joaquin Superior Court, plaintiff alleges employment-related claims against Amazon, breach of contract, sex discrimination, libel per se, and defamation per se. Case No. 2:26-cv-0530, ECF No. 1-2 at 4.

As noted above, plaintiff has not opposed this motion. Accordingly, I find that the two cases at issue involve common questions of law and fact. And the judicial convenience of consolidating them in a single action outweighs the minimal potential for delay, prejudice, or confusion.

**Motion to Amend**

Rule 15(a)(2) directs that a court "should freely give leave [to amend a complaint] when justice so requires." Courts should generally be liberal in allowing a party to amend. *Sonoma Cnty. Ass'n of Retired Emples. v. Sonoma Cnty.*, 708 F.3d 1109, 1117 (9th Cir. 2013). Leave to amend should be denied only where there is strong evidence of "undue delay, bad faith or dilatory

---

[2] Unless otherwise indicated, this order references the docket in the first-filed case, Case No. 2:25-cv-2972-TLN-JDP (PS).

motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment . . . ." *Id.* (quoting *Forman v. Davis*, 371 U.S. 178, 182 (1962)) (alteration in original). The standard governing leave to amend is especially permissive where the plaintiff is pro se. *See Lopez v. Smith*, 203 F.3d 1122, 1131 (9th Cir. 2000) (en banc).

Plaintiff seeks to amend his complaint to add two defendants, his supervisor Andrew Anderson and a warehouse manager, Ramakrishnan. ECF No. 14 at 1. He argues that amendment is proper because without these defendants, the court lacks jurisdiction. *Id.* Defendant argues that leave should not be given because plaintiff's defamation claims against Anderson and Ramakrishnan are time-barred and lack merit, plaintiff seeks to add these defendants to defeat diversity jurisdiction,[3] plaintiff's delay in seeking to add these defendants is unreasonable, neither defendant is a required party under Rule 19(a), and plaintiff will not be prejudiced by the denial. ECF No. 24 at 3-6.

Defendant's arguments are well taken, but in light of the case consolidation, the court finds it is in the best interests of efficiently resolving this action if plaintiff is afforded an opportunity to file a singular complaint alleging claims from both cases. Defendant shall have an opportunity to seek dismissal under Rule 12 after plaintiff files an amended complaint.

**Motions to Dismiss**

Defendant has filed a motion to dismiss in both cases, ECF No. 18 Case No. 2:25-cv-2972 & ECF No. 4 in Case No. 2:26-cv-0530. Because the court is granting plaintiff's motion to amend and ordering him to file a singular amended complaint in the lead case, both motions to dismiss are denied without prejudice as moot. *See Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997) (An "amended complaint supersedes the original, the latter being treated thereafter as non-existent."); *Ramirez v. Silgan Containers*, No. 07-cv-0091-AWI-DLB, 2007 WL 1241829, at *6 (E.D. Cal. Apr. 26, 2007) (granting motion to amend and denying motion to dismiss prior compliant as moot).

---

[3] As it stands, both complaints allege federal causes of action, so this court's jurisdiction does not rest on diversity.

**Motions for Default Judgment**

Plaintiff has filed a motion for default judgment in both cases, ECF No. 29 in Case No. 2:25-cv-2972 & ECF No. 11 in Case No. 2:26-cv-0530. However, prior to seeking default judgment, plaintiff must first seek and obtain defendant's default, which he has failed to do. Indeed, the Clerk has not entered default for defendant in either case, and defendant has properly appeared in both actions.

Rule 55 requires a two-step process: (1) seeking entry of default from the clerk of the court; and (2) filing a motion for default judgment before the district court. *Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986) (recognizing "two-step process" required by Rule 55); *see Symantec Corp. v. Global Impact, Inc.*, 559 F.3d 922, 923 (9th Cir. 2009) (discussing difference between entry of default and default judgment). Here, the Clerk of Court has not entered default against defendant in either case. When the Clerk has not entered default against a defendant, a motion for default judgment against that defendant is improper. *See Marty v. Green*, No. 2:10-cv-1823-KJM-KJN (PS), 2011 WL 320303, at *3 (E.D. Cal. Jan. 28, 2011) (denying motion for default judgment where the plaintiff did not first seek entry of default from the Clerk of the Court). Accordingly, plaintiff's motions for default judgment are denied.

**Conclusion**

Accordingly, it is ORDERED that:

1. Defendant's motion to consolidate, ECF No. 17, is GRANTED. Case No. 2:25-cv-2972-TLN-JDP (PS) and Case No. 2:26-cv-0530-TLN-JDP (PS) are CONSOLIDATED for pre-trial purposes, including fact and expert discovery and summary judgment. Case No. 2:25-cv-2972-TLN-JDP (PS) is designated as the "master file" and lead case. From the date of this order, all filings in this matter shall be made in the lead case.

2. The Clerk of Court shall file a copy of this order in both of the above-captioned actions and administratively close Case No. 2:26-cv-0530-TLN-JDP (PS).

3. Plaintiff's motion to deny the extension of time, ECF No. 13 in Case No. 2:25-cv-2972-TLN-JDP, is DENIED.

4. Plaintiff's motion to amend, ECF No. 14 in Case No. 2:25-cv-2972-TLN-JDP, is

GRANTED. Plaintiff shall file a singular complaint addressing all his claims against defendant in the lead case within fourteen days. Failure to do so may result in a recommendation that this action be dismissed.

5. Defendant's motion to dismiss, ECF No. 18 in Case No. 2:25-cv-2972-TLN-JDP, and motion to dismiss, ECF No. 4 in Case No. 2:26-cv-0530-TLN-JDP, are DENIED without prejudice.

6. Plaintiff's motions for default judgment, ECF No. 29 in Case No. 2:25-cv-2972-TLN-JDP, and ECF No. 11 in Case No. 2:26-cv-0530-TLN-JDP, are DENIED.

IT IS SO ORDERED.

Dated: August 7, 2026

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE